O'Bannon *v.* Haskins, Supt., London Correctional Institution.

[Cite as O'Bannon v. Haskins, Supt., 1 Ohio St. 2d 110.]

(No. 39211—Decided March 3, 1965.)

*Mr. Harold O'Bannon, in propria persona.*

*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondent.

*Per Curiam.* Petitioner's first contention is that his conviction was void because he was subjected to an illegal search and seizure. According to petitioner's testimony, a man came into the bar in which he was employed and sold him the tires in question. Subsequently, the police came to the bar and asked him whether he had purchased some tires. When he indicated that he had and had shown them to the police, they told him to take them off the car and put them away. This he did, storing the tires in the basement. He testified that the police came back a day or two later and told him that they had come to get the tires and asked him where they were, that he told them the tires were in the basement, and that the police went down and got them. Two days later, petitioner was arrested. It is upon these facts that petitioner bases his claim of illegal search and seizure. It would appear that the acts of the police officers to which petitioner now objects were done with his consent. Thus, he cannot now raise the question as to the illegality of the

search or seizure. The constitutional immunity to illegal search and seizure may be waived by the consent of the person involved. 79 Corpus Juris Secundum 816, Searches and Seizures, Section 62; and 2 Wharton's Criminal Evidence 708, Section 700.

Petitioner urges that he was convicted on perjured testimony. In this respect petitioner argues that on his preliminary hearing the actual thief testified that petitioner was not aware that the tires were stolen but that at the petitioner's trial on the indictment the actual thief changed his story and testified that petitioner did know that the tires were stolen. If this was a fact, petitioner was aware of it at the time of his conviction and could have used it as a ground for a new trial under Section 2945.79 (B) or (C), Revised Code. In the event a new trial was denied, petitioner could have urged such error on appeal. The claim that perjured testimony was admitted during a trial must be raised by appeal. It is not cognizable in habeas corpus. *White* v. *Maxwell, Warden*, 174 Ohio St. 186.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.