[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 429.]

**ORR, APPELLANT, *v.* MACK, WARDEN, APPELLEE.**

**[Cite as *Orr v. Mack*, 1998-Ohio-32.]**

*Habeas corpus—Court of appeals properly dismissed petition, when.*

(No. 98-859—Submitted September 29, 1998—Decided October 28, 1998.)

APPEAL from the Court of Appeals for Madison County, No. CA98-01-002.

───────────────

{¶ 1} In 1996, the Montgomery County Court of Common Pleas convicted appellant, Roland Orr, of aggravated trafficking in drugs and sentenced him to a prison term of seven to twenty-five years. In 1998, Orr filed a petition in the Court of Appeals for Madison County for a writ of habeas corpus to compel appellee, Lawrence Mack, his prison warden, to immediately release him. Orr claimed that his criminal complaint and indictment were void. The court of appeals granted appellee's Civ.R. 12(B)(6) motion and dismissed the petition for failure to state a claim upon which relief can be granted.

{¶ 2} This cause is now before the court upon an appeal as of right.

───────────────

*Roland Orr, pro se*.

───────────────

***Per Curiam.***

{¶ 3} Orr asserts that the court of appeals erred by dismissing his habeas corpus petition. For the following reasons, however, Orr's assertion lacks merit.

{¶ 4} First, as the court of appeals held, habeas corpus is not available to attack the validity or sufficiency of the charging instrument. *State ex rel. Beaucamp v. Lazaroff* (1997), 77 Ohio St.3d 237, 238, 673 N.E.2d 1273, 1274. The manner by which an accused is charged with a crime is procedural rather than jurisdictional, and after a conviction for crimes charged in an indictment, the judgment binds the

defendant for the crime for which he was convicted. *Id.*, citing *Wells v. Maxwell* (1963), 174 Ohio St. 198, 200, 22 O.O.2d 147, 148, 188 N.E.2d 160, 161, and *State v. Wozniak* (1961), 172 Ohio St. 517, 522-523, 18 O.O.2d 58, 61, 178 N.E.2d 800, 804.

**{¶ 5}** Second, Orr had an adequate legal remedy by direct appeal to challenge the validity or sufficiency of the complaint and indictment. *State ex rel. Simpson v. Lazaroff* (1996), 75 Ohio St.3d 571, 664 N.E.2d 937.

**{¶ 6}** Finally, Orr did not verify his petition as required by R.C. 2725.04. *State ex rel. Ranzy v. Coyle* (1998), 81 Ohio St.3d 109, 110, 689 N.E.2d 563, 564.

**{¶ 7}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————