TAYLOR, APPELLANT, *v.* MITCHELL, WARDEN, APPELLEE.

[Cite as *Taylor v. Mitchell* (2000), 88 Ohio St.3d 453.]

(No. 99-2069—Submitted April 11, 2000—Decided May 17, 2000.)

454

*Gerald Taylor, pro se.*

*Betty D. Montgomery,* Attorney General, and *Michele M. Schoeppe,* Assistant Attorney General, for appellee.

---

***Per Curiam.*** We affirm the judgment of the court of appeals. Any defect caused by the alleged failure to file criminal complaints or the claimed impropriety of the municipal court's assumption of jurisdiction over the rape charges is not cognizable in habeas corpus. Taylor was convicted and sentenced upon an indictment regularly issued, and the common pleas court had jurisdiction to try, convict, and sentence him on the charged offenses. See *State ex rel. Dozier v. Mack* (1999), 85 Ohio St.3d 368, 369, 708 N.E.2d 712, 713; see, also, *Simpson v. Maxwell* (1964), 1 Ohio St.2d 71, 30 O.O.2d 40, 203 N.E.2d 324; *Orr v. Mack* (1998), 83 Ohio St.3d 429, 430, 700 N.E.2d 590, 591 ("[A]fter a conviction for crimes charged in an indictment, the judgment binds the defendant for the crime for which he was convicted.").[1]

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

1. Taylor waived the additional claims he raises on appeal by failing to raise them in the court of appeals. *Brown v. Leonard* (1999), 86 Ohio St.3d 593, 716 N.E.2d 183.