OPINION
Petitioner-appellant, Thomas C. Lawson, Sr., appeals the decision of the Madison County Court of Common Pleas denying his petition for a writ of habeas corpus.
Appellant was indicted by a Butler County Grand Jury on one count of felonious assault with a firearm specification and one count of having weapons while under disability. A jury found appellant guilty of a lesser-included offense of aggravated assault with a firearm specification, and guilty of having weapons while under disability. The trial court sentenced appellant to a prison term of seventeen months for aggravated assault and a consecutive prison term of three years on the gun specification. Appellant appealed his conviction, which this court affirmed. State v. Lawson (Feb. 28, 2000), Butler App. No. CA99-01-003, unreported.
Appellant subsequently filed a petition for a writ of habeas corpus in the Madison County Court of Common Pleas. Appellant alleged that he was entitled to the writ because he was convicted of a lesser-included offense for which he was never indicted. The trial court denied appellant's petition. Appellant appeals the decision of the trial court and raises one assignment of error for review:[1]
 The trial court erred by denying appellant's petition for a writ of habeas corpus because appellant was convicted of a lesser-included charge for which he had never been indicted.
In his assignment of error, appellant argues that the trial court erred by denying his petition for a writ of habeas corpus. Appellant contends that the trial court should have granted the writ because he was convicted of a lesser-included offense for which he maintains he was never indicted.
A writ of habeas corpus is an extraordinary remedy, meaning that it is only available if the petitioner has no other adequate remedy at law.Agee v. Russell (2001), 92 Ohio St.3d 540, 544. "In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy at law by appeal." Id. quoting Brooks v. Gaul (2000), 89 Ohio St.3d 202, 203. The manner by which an accused is charged with a crime is procedural, rather than jurisdictional. Orr v. Mack (1998), 83 Ohio St.3d 429, 430. Following conviction and sentence, a criminal defendant has an adequate remedy at law by way of direct appeal to challenge the validity or sufficiency of the charging instrument. Id.; State ex rel. Beaucamp v.Lazaroff (1997), 77 Ohio St.3d 237, 238. Therefore, habeas corpus is not available to attack the validity or sufficiency of a charging instrument. See, e.g., Orr at 430.
Appellant's petition for habeas corpus challenges the sufficiency of the indictment. Appellant had an adequate legal remedy by direct appeal to challenge the validity or sufficiency of the indictment. Accordingly, the trial court appropriately dismissed appellant's petition for the writ of habeas corpus. The assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] In an unusual turn of events, the Ohio Attorney General filed a "reply brief" before appellant filed a brief in the case. The brief contested the original petition and also raised an assignment of error on behalf of appellant. In response, appellant filed a "reply brief in contra" arguing the same issues presented by the Ohio Attorney General. With no objection from the parties, this court articulated the assignment of error to be submitted for decision based on the arguments presented by the parties.