[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 98.]

HARRIS, APPELLANT, *v.* BAGLEY, WARDEN, APPELLEE.

[Cite as *Harris v. Bagley*, 2002-Ohio-5369.]

*Habeas corpus sought to compel prison warden to immediately release relator from prison—Dismissal of petition affirmed.*

(No. 2002-0928—Submitted September 25, 2002—Decided October 23, 2002.)

APPEAL from the Court of Appeals for Richland County, No. 02-CA-29.

_____

**Per Curiam.**

{¶1} In September 2000, appellant, Matthew Harris, was convicted of one count of rape and was sentenced to nine years in prison. In April 2002, Harris filed a petition in the Court of Appeals for Richland County for a writ of habeas corpus to compel his immediate release from prison. Harris claimed that his conviction and sentence were void because no proper criminal complaint had ever been filed against him before he was indicted. The court of appeals dismissed the petition because a writ of habeas corpus "is not available to challenge the validity or sufficiency of an indictment."

{¶2} In his appeal as of right, Harris contends that the court of appeals erred in dismissing his petition. We affirm the judgment of the court of appeals.

{¶3} "Any defect caused by the alleged failure to file criminal complaints or the claimed impropriety of the municipal court's assumption of jurisdiction over the rape charges is not cognizable in habeas corpus." *Taylor v. Mitchell* (2000), 88 Ohio St.3d 453, 454, 727 N.E.2d 905. Harris was convicted and sentenced upon an indictment, and his trial court had the requisite jurisdiction to try, convict, and sentence him on the charged offense. *State ex rel. Jackson v. Brigano* (2000), 88 Ohio St.3d 180, 181, 724 N.E.2d 424; see, also, *Orr v. Mack* (1998), 83 Ohio St.3d 429, 430, 700 N.E.2d 590.

{¶4} Based on the foregoing, we affirm the judgment of the court of appeals.[1]

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––––––

Matthew Harris, pro se.

Betty D. Montgomery, Attorney General, and Mark J. Zemba, Assistant Attorney General, for appellee.

––––––––––––––––––

––––––––––––––––––

1. Our judgment renders moot Harris's motion to strike portions of Bagley's brief.