OPINION
{¶ 1} On June 11, 1999, the Stark County Grand Jury indicted appellant, Adam Boylen, on twelve counts of aggravated robbery in violation of R.C. 2911.01 (Case No. 1999CR0683). On July 6, 1999, the Stark County Grand Jury issued a second indictment against appellant, charging him with five additional counts of aggravated robbery and one count of grand theft of a motor vehicle in violation of R.C. 2913.02 (Case No. 1999CR0712). Said charges arose from incidents over a three week period, from May 13, 1999 to June 2, 1999, involving commercial establishments i.e., convenience stores, gas stations, dry cleaners, sub shops.
 {¶ 2} On August 19, 1999, appellant pled guilty as charged. By judgment entries filed August 20, 1999, the trial court sentenced appellant to thirty-two years in Case No. 1999CR0683 and eighteen years and five months in Case No. 1999CR0712 for a total aggregate term of fifty years and five months in prison.
 {¶ 3} Appellant appealed his sentences. This court affirmed. See, State v. Boylen (November 13, 2000), Stark App. No. 1999CA00278.
 {¶ 4} On October 13, 2001, appellant filed a motion to withdraw his guilty pleas. The motion was denied and appellant appealed. This court vacated the denial and remanded the matter to the trial court for evidentiary hearing. See, State v.Boylen, Stark App. No. 2002CA00179, 2002-Ohio-6983.
 {¶ 5} An evidentiary hearing was held on July 24, 2003. By agreement of the parties, appellant withdrew his guilty pleas and entered into a negotiated plea agreement. By judgment entries filed July 29, 2003, the trial court sentenced appellant to thirteen years in prison.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 7} "The trial court erred in failing to comply with the requirements of R.C. 2929.12, R.C. 2929.14, and R.C. 2929.19 and erred in imposing greater than the minimum sentence on each count of the indictment in Case No. 1999CR0683 and each count of the indictment in Case No. 1999CR0712."
 II {¶ 8} "The imposition of the sentence in Case No. 1999CR0683 consecutive to the sentence imposed in Case No. 1999CR0712 is contrary to law and the trial court erred in failing to comply with the requirements of R.C. 2929.12, R.C. 2929.14, and R.C.2929.19."
 III {¶ 9} "The trial court erred when it imposed a sentence totaling thirteen years without determining that an adequate factual basis existed to ensure that the sentence imposed was consistent with that imposed upon similary situated offenders committing similas crimes."
 IV {¶ 10} "The trial court erred by not imposing a sentence upon the evidence produced and upon a new plea entered that was consistent with the original understanding of the parties."
 V {¶ 11} "A prosecutor commits error prejudicial to the substantial rights of an accused when he prosecutes him without service of criminal complaints."
 I, II, III, IV, V {¶ 12} Appellant claims the trial court erred in imposing sentences other than the minimums and ordering them to be served consecutively. We disagree.
 {¶ 13} R.C. 2953.08 governs an appeal of sentence for felony. Subsection (D) states, "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." In addition, subsection (G)(2) states the following:
 {¶ 14} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 15} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 16} "(b) That the sentence is otherwise contrary to law."
 {¶ 17} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 18} Appellant pled guilty to seventeen counts of aggravated robbery in the first degree and one count of grand theft, a felony of the fourth degree. Pursuant to R.C.2929.14(A)(1), felonies in the first degree are punishable by "three, four, five, six, seven, eight, nine, or ten years." Felonies of the fourth degree are punishable by six through eighteen months. R.C. 2929.14(A)(4). By judgment entries filed July 29, 2003, the trial court sentenced appellant to eight years on twelve counts of aggravated robbery, to be served concurrently (Case No. 1999CR0683), five years on the remaining five counts of aggravated robbery with twelve months on the grand theft count (Case No. 1999CR0712), to be served concurrently, with the sentences in each case to be run consecutively, for a total aggregate term of thirteen years in prison.
 {¶ 19} Appellant argues the trial court erred in sentencing him to greater than the minimums and ordering them to be served consecutively. We note appellant was informed of the possible sentences in his pleas of guilty on July 24, 2003. During the plea hearing, both the prosecutor and defense counsel informed the trial court of the negotiated plea wherein appellant would be sentenced to thirteen years in prison. T. at 29-30, 32. Appellant was present in the courtroom. T. at 5. Appellant acknowledged his understanding of what was going on and what counsel was talking about, and his understanding of the negotiated plea documents. T. at 35, 38. The trial court acknowledged having the plea in front of him. T. at 38. The trial court then informed appellant of the possible sentences. T. at 39-40. The trial court asked appellant, "Do you understand that whatever I sentence you to is going to be the actual time that you serve with credit for what you have already served?" T. at 41. Appellant responded in the affirmative. Id. Thereafter, appellant stated he was satisfied with his attorneys' representation. T. at 42.
 {¶ 20} Upon review, we find the trial court sentenced appellant per the negotiated plea. The trial court did not err in sentencing appellant per the plea agreement.
 {¶ 21} Assignments of Error I, II, III, IV and V are denied.
 {¶ 22} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Wise, J. and Boggins, J. concur.