WILLIAMSON, APPELLANT, *v.* WILLIAMS, WARDEN, APPELLEES.

**[Cite as *Williamson v. Williams,***
**103 Ohio St.3d 25, 2004-Ohio-4111.]**

(No. 2004–0617—Submitted July 20, 2004—Decided August 18, 2004.)

**Per Curiam.**

{¶ 1} In June 1992, appellant, Charles F. Williamson Jr., was convicted of murder and an accompanying firearm specification and sentenced to prison. On appeal, the court of appeals affirmed his conviction and sentence. *State v. Williamson* (Sept. 13, 1993), Stark App. No. CA–9068, 1993 WL 385288.

{¶ 2} In January 2004, Williamson filed a petition in the Court of Appeals for Allen County for a writ of habeas corpus to compel appellee, Allen Correctional Institution Warden Jesse Williams, to release him from prison. Williamson claimed entitlement to the writ because of police misconduct arising from the presentation of perjured statements and denial of *Miranda* rights, municipal court improprieties, prosecutorial misconduct, an illegal indictment, and trial court error in permitting a jury instruction on a lesser included offense. The warden moved to dismiss the petition. On March 3, 2004, the court of appeals granted the warden's motion and dismissed the petition.

{¶ 3} We affirm the judgment of the court of appeals. Habeas corpus is not an appropriate remedy to raise Williamson's claims. See, e.g., *O'Bannon v. Haskins* (1965), 1 Ohio St.2d 110, 111, 30 O.O.2d 430, 205 N.E.2d 16 (perjured testimony); *Malone v. Lane,* 96 Ohio St.3d 415, 2002-Ohio-4908, 775 N.E.2d 527, ¶ 4 (denial of *Miranda* rights); *Harris v. Bagley,* 97 Ohio St.3d 98, 2002-Ohio-5369, 776 N.E.2d 490, ¶ 3 (defect in municipal court's assumption of jurisdiction when petitioner is subsequently convicted and sentenced upon an indictment); *Wilson v. Rogers* (1993), 68 Ohio St.3d 130, 131, 623 N.E.2d 1210 (prosecutorial misconduct); *Galloway v. Money,* 100 Ohio St.3d 74, 2003-Ohio-5060, 796 N.E.2d 528, ¶ 6 (validity or sufficiency of indictment); *State ex rel. Richard v. Seidner* (1996), 76 Ohio St.3d 149, 152, 666 N.E.2d 1134 (instructions on lesser included offense). Williamson had an adequate legal remedy by direct appeal to raise these claims.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

26

Charles F. Williamson Jr., pro se.

Jim Petro, Attorney General, and Thelma Thomas Price, Assistant Attorney General, for appellee.