BOYLEN, APPELLANT, *v.* BRADSHAW, WARDEN, APPELLEE.

[Cite as *Boylen v. Bradshaw*, 108 Ohio St.3d 181, 2006-Ohio-549.]

(No. 2005–1612—Submitted January 11, 2006—Decided February 22, 2006.)

---

**Per Curiam.**

{¶ 1} Appellant, Adam Douglas Boylen, was indicted on 17 counts of aggravated robbery and one count of grand theft of a motor vehicle. On July 29, 2003, the Stark County Court of Common Pleas convicted Boylen upon his guilty pleas to the charges and sentenced him to an aggregate prison sentence of 13 years. On appeal, the Court of Appeals for Stark County affirmed. *State v. Boylen*, Stark App. Nos. 2003CA00304 and 2003CA00305, 2004-Ohio-1283, 2004 WL 540235, appeal not accepted, 103 Ohio St.3d 1405, 2004-Ohio-3980, 812 N.E.2d 1288.

{¶ 2} In June 2005, Boylen moved to vacate the July 2003 judgments of conviction and sentence in the Stark County Court of Common Pleas. Boylen claimed that his convictions and sentence were void because of fraudulent preindictment proceedings in municipal court.

{¶ 3} In July 2005, as an inmate at Mansfield Correctional Institution in Richland County, Ohio, Boylen filed a petition in the Fifth District Court of Appeals for a writ of habeas corpus to compel appellee, his prison warden, to release him from prison. Boylen again contended that defects in his municipal court proceedings divested his trial court of jurisdiction to convict and sentence him. On August 5, 2005, the court of appeals dismissed his petition.

{¶ 4} In his appeal as of right, Boylen claims that the court of appeals erred in dismissing his habeas corpus petition. For the following reasons, the court of appeals properly dismissed the petition.

{¶ 5} First, " '[a]ny defect caused by the alleged failure to file criminal complaints or the claimed impropriety of the municipal court's assumption of jurisdiction over [criminal] charges is not cognizable in habeas corpus.' " *Harris v. Bagley,* 97 Ohio St.3d 98, 2002-Ohio-5369, 776 N.E.2d 490, ¶ 3, quoting *Taylor v. Mitchell* (2000), 88 Ohio St.3d 453, 454, 727 N.E.2d 905. Boylen was convicted and sentenced upon indictments, and his trial court had the requisite jurisdiction to try, convict, and sentence him upon the charged offenses. Id.; see, also, *Johnson v. Bobby,* 103 Ohio St.3d 96, 2004-Ohio-4438, 814 N.E.2d 61, ¶ 5.

{¶ 6} Second, " '[t]he manner by which an accused is charged with a crime is procedural rather than jurisdictional, and after a conviction for crimes charged in an indictment, the judgment binds the defendant for the crime for which he was convicted.' " *State ex rel. Nelson v. Griffin,* 103 Ohio St.3d 167, 2004-Ohio-4754, 814 N.E.2d 866, ¶ 6, quoting *Orr v. Mack* (1998), 83 Ohio St.3d 429, 430, 700 N.E.2d 590.

{¶ 7} Based on the foregoing, we affirm the judgment of the court of appeals dismissing Boylen's petition.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

Adam Douglas Boylen, pro se.

Jim Petro, Attorney General, and Mark J. Zemba, Assistant Attorney General, for appellee.