[Cite as *State v. Boylen*, 2012-Ohio-4730.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J. |
|     Plaintiff-Appellee | Hon. Julie A. Edwards, J. |
| -vs- | Case No. 2012CA00064 |
| ADAM BOYLEN | |
|     Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Case No. 1999CR0712 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 9, 2012 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| JOHN D. FERRERO,<br>PROSECUTING ATTORNEY,<br>STARK COUNTY, OHIO | ADAM BOYLEN, PRO SE<br>P.O. Box 184<br>Canal Fulton, Ohio 44612 |
| By: KATHLEEN O. TATARSKY<br>Assistant Prosecuting Attorney<br>Appelate Section<br>110 Central Plaza, South – Suite 510<br>Canton, Ohio 44702-1413 | |

*Hoffman, P.J.*

{¶1} Defendant-appellant Adam Boylen appeals the March 14, 2012 Judgment Entry entered by the Stark County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2} On June 11, 1999, the Stark County Grand Jury indicted appellant, Adam Boylen, on twelve counts of aggravated robbery, in violation of R.C. 2911.01 (Case No.1999CR0683). On July 6, 1999, the Stark County Grand Jury issued a second indictment against Appellant, charging him with five additional counts of aggravated robbery and one count of grand theft of a motor vehicle, in violation of R.C. 2913.02 (Case No.1999CR0712). Said charges arose from incidents over a three week period, from May 13, 1999, to June 2, 1999, involving commercial establishments; i.e., convenience stores, gas stations, dry cleaners, sub shops. On August 19, 1999, Appellant pled guilty as charged. By judgment entries filed August 20, 1999, the trial court sentenced Appellant to thirty-two years in Case No.1999CR0683 and eighteen years and five months in Case No.1999CR0712 for a total aggregate term of fifty years and five months in prison.

{¶3} Appellant appealed his sentences. This court affirmed. See, *State v. Boylen* (November 13, 2000), Stark App. No.1999CA00278.

{¶4} On October 13, 2001, Appellant filed a motion to withdraw his guilty pleas. The motion was denied and Appellant filed an appeal with this Court. This Court

---

[1] A rendition of the facts is not necessary for our disposition of this appeal.

vacated the denial, and remanded the matter to the trial court for an evidentiary hearing. See, *State v. Boylen*, Stark App. No.2002CA00179, *2002-Ohio-6983*.

{¶5}  An evidentiary hearing was held on July 24, 2003. By agreement of the parties, Appellant withdrew his guilty pleas and entered into a negotiated plea agreement. By judgment entries filed July 29, 2003, the trial court sentenced Appellant to thirteen years in prison.  The trial court further ordered a mandatory period of post-release control "up to a maximum of five years."

{¶6}  Appellant filed an appeal to this Court in *State v. Boylen* 5th Dist. No. 2003CA00304, 305, 2004-Ohio-1283.  This Court affirmed the trial court's sentence per the negotiated plea agreement.

{¶7}  On March 2, 2012, the trial court held a hearing for the purpose of notifying Appellant of the mandatory nature of his post-release control with respect to Case No. 1999-CR-0712.  Via Judgment Entry of March 14, 2012, the trial court entered sentence.  Appellant now appeals, assigning as error:

{¶8}  "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY REVISITING AND REFORMING A NEGOTIATED GUILTY PLEA AGREEMENT THROUGH A POST RELEASE CONTROL NOTIFICATION CORRECTION HEARING."

{¶9}  Appellant avers post-release control was not part of his understanding of the negotiated plea agreement, and the trial court was not authorized to revisit or reform the agreement.

{¶10} Upon review of the record and the statement of the case, supra, Appellant was sentenced pursuant to the negotiated plea agreement via Judgment Entry of July

29, 2003. The sentencing entry ordered a mandatory period of post-release control "up to a maximum of five years." Any alleged error with regard to violation or noncompliance with the negotiated plea agreement by the imposition of post-release control could have been raised on direct appeal from the July 29, 2003 entry. Having failed to do so, Appellant's argument is now barred by the doctrine of res judicata. As a result, post-release control was made part of Appellant's sentence in 2003 with the "up to five years" language.

{¶11} Prior to his release from prison, the trial court conducted a hearing to notify Appellant of the definite term of his mandatory post-release control, in accordance with *State v. Bloomer* 122 Ohio St.3d 200, 2009-Ohio2462 and *State v. Simpkins* 117 Ohio St.3d 420, 2008-Ohio-1197.

{¶12} In *State v. Aleshire*, Fifth Dist. No. 2011-CA-73, 2012-Ohio-16, this Court held,

{¶13} "Pursuant to *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, the scope of the re-sentencing hearing was limited to the proper imposition of post-release control. In *Fischer,* the Supreme Court of Ohio held that when a defendant receives a sentence that does not properly include post-release control, 'that *part* of the sentence is void and must be set aside. Neither the Constitution nor common sense commands anything more.' *Fischer* at ¶ 26. (Emphasis sic.) Thus, the Supreme Court modified its earlier decision in *Bezak* to clarify that 'only the offending portion of the sentence is subject to review and correction.' *Fischer* at ¶ 27. Pursuant to *Fischer,* '[t]he new sentencing hearing to which an offender is entitled * * * is limited to proper imposition of post-release control.' *Fischer* at paragraph two of the syllabus. The *Fischer* court

reasoned, 'the post-release-control component of the sentence is fully capable of being separated from the rest of the sentence as an independent component, and the limited resentencing must cover only the post-release control.' *Id.* at ¶ 17. Thus, 'only the postrelease-control aspect of the sentence * * * is void and * * * must be rectified,' and '[t]he remainder of the sentence, which the defendant did not successfully challenge, remains valid under the principles of res judicata.' *Id.*

{¶14} "In the case at bar, appellant received an identical sentence to the one imposed on his original plea with the only exception being the notification of five years of mandatory post-release control. Under *Fisher,* all other parts of appellant's sentence were valid and remained in full force and effect. Thus, appellant cannot demonstrate prejudice from the trial court's sentencing in the present case. He is in the same position he would have been in had the trial court held a *Fisher* hearing to simply advise him of post-release controls."

{¶15} Based upon the rationale set forth above, the trial court did not err in sentencing Appellant.  The sole assignment of error is overruled, and Appellant's sentence in the Stark County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
ADAM BOYLEN                            :
                                       :
    Defendant-Appellant            :          Case No. 2012CA00064


For the reasons stated in our accompanying Opinion, Appellant's sentence in the

Stark County Court of Common Pleas is affirmed. Costs to Appellant.


s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer
HON. SHEILA G. FARMER


s/ Julie A. Edwards
HON. JULIE A. EDWARDS