[Cite as *Curley v. Marquis*, 2017-Ohio-700.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| RICHARD L. CURLEY | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Petitioner | : | Hon. Earle E. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| WARDEN DAVID MARQUIS | : | Case No. 16CA65 |
| | : | |
| Respondent | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Writ of Habeas Corpus


JUDGMENT:    Dismissed


DATE OF JUDGMENT:    February 24, 2017


APPEARANCES:

For Petitioner

RICHARD L. CURLEY, pro se
P.O. Box 8107
Mansfield, Ohio 44901

For Respondent

STEPHANIE L. WATSON
Principal Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215-6001

*Baldwin, J.*

{¶1}    Petitioner, Richard L. Curley, has filed a Petition for State Writ of Habeas Corpus arguing he is entitled to release from prison because the trial court lacked subject matter jurisdiction over Petitioner and Petitioner's case.  Respondent has filed a motion to dismiss for failure to state a claim upon which relief may be granted.

{¶2}    On February 21, 2001, Petitioner was convicted in the Summit County Court of Common Pleas of seven counts of burglary.  He was sentenced to three years in prison on each count which were ordered to be served consecutive to one another for a total term of incarceration of 21 years.

{¶3}    R.C. 2725.01 provides that "[w]hoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation."

{¶4}    Petitioner argues the trial court lacked jurisdiction because no complaint was filed prior to his initial appearance and because the indictment was invalid.

{¶5}    The Supreme Court has held, "Habeas corpus is not available to challenge any defect " 'caused by the alleged failure to file criminal complaints or the claimed impropriety of the [trial] court's assumption of jurisdiction over [criminal] charges.' " *Harris v. Bagley,* 97 Ohio St.3d 98, 2002-Ohio-5369, 776 N.E.2d 490, ¶ 3, quoting *Taylor v. Mitchell,* 88 Ohio St.3d 453, 454, 727 N.E.2d 905 (2000). " 'The manner by which an accused is charged with a crime is procedural rather than jurisdictional, and after a conviction for crimes charged in an indictment, the judgment binds the defendant for the crime for which he was convicted.' " *State ex rel. Nelson v. Griffin,* 103 Ohio St.3d 167,

2004-Ohio-4754, 814 N.E.2d 866, ¶ 6, quoting *Orr v. Mack,* 83 Ohio St.3d 429, 430, 700 N.E.2d 590 (1998)." *State ex rel. Rackley v. Sloan*, 2016-Ohio-3416, ¶ 6.

**{¶6}** An alleged failure to file a complaint is not an available basis to obtain habeas corpus relief.

**{¶7}** Further, with regard to Petitioner's challenge to his indictment, the Supreme Court has held, "[H]abeas corpus is not an appropriate means to challenge the validity of an indictment; that may be done only on direct appeal. *State ex rel. Arroyo v. Sloan,* 142 Ohio St.3d 541, 2015-Ohio-2081, 33 N.E.3d 56, ¶ 5; *State ex rel. Hadlock v. McMackin,* 61 Ohio St.3d 433, 434, 575 N.E.2d 184 (1991) ("A defendant may challenge the sufficiency of the indictment only by a direct appeal, and not through habeas corpus")." *Robinson v. LaRose*, 147 Ohio St.3d 473, 2016-Ohio-7647, ¶ 7 (2016).

**{¶8}** Because habeas corpus relief in not available to challenge a complaint, or lack thereof, or to challenge a defect in an indictment, the requested writ cannot issue.  For these reasons, the motion to dismiss is granted.

By: Baldwin, J.

Gwin, P.J. and

Wise, Earle, J. concur.

_____
HON. CRAIG R. BALDWIN

_____
HON. W. SCOTT GWIN

_____
HON. EARLE E. WISE, JR.,

CRB/as

[Cite as *Curley v. Marquis*, 2017-Ohio-700.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| RICHARD L. CURLEY | : | |
| | : | |
| Petitioner | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| WARDEN DAVID MARQUIS | : | |
| | : | |
| Respondent | : | CASE NO. 16CA65 |

For the reasons stated in our accompanying Memorandum-Opinion, the complaint is dismissed. Costs are assessed to petitioner.


_____
HON. CRAIG R. BALDWIN


_____
HON. W. SCOTT GWIN


_____
HON. EARLE E. WISE, JR.