[Cite as *State ex rel. Davis v. Sloan*, 2018-Ohio-2890.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. DWAYNE DAVIS, | : | **PER CURIAM OPINION** |
| Petitioner, | : | |
| - vs - | : | **CASE NO. 2018-A-0039** |
| BRIGHAM SLOAN, WARDEN, | : | |
| Respondent. | : | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition dismissed.

*Dwayne Davis*, pro se, PID #A644-653, Lake Erie Correctional Institution, 501 Thompson Road, P.O. Box 8000, Conneaut, OH 44030 (Petitioner).

*Mike DeWine*, Ohio Attorney General, and *Maura O'Neill Jaite*, Senior Assistant Attorney General, Criminal Justice Section, 150 East Gay Street, 16th Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1} Petitioner, Dwayne Davis, seeks a writ of habeas corpus against respondent, Brigham Sloan, Warden of the Lake Erie Correctional Institution, for his immediate release from imprisonment. The petition is dismissed for the reasons that follow.

{¶2} In September 2013, petitioner pled guilty to Burglary, a second-degree felony in violation of R.C. 2911.12(A)(1); Burglary, a fourth-degree felony in violation of

R.C. 2911.12(B); and Intimidation of a Crime Victim or Witness, a third-degree felony in violation of R.C. 2921.04(B). On October 3, 2013, the trial court imposed an aggregate prison term of ten years, which was affirmed on appeal in *State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501. The trial court subsequently denied a petition for postconviction relief, which was also affirmed on appeal in *State v. Davis*, 8th Dist. Cuyahoga No. 106012, 2018-Ohio-751.

**{¶3}** On April 19, 2018, petitioner filed the instant petition for a writ of habeas corpus, alleging he is being unlawfully restrained at the Lake Erie Correctional Institution. The matter is before us on petitioner's motion for summary judgment and respondent's motion to dismiss and/or for summary judgment, both having been duly opposed.

**{¶4}** When presented with a Civ.R. 12(B)(6) motion to dismiss, the factual allegations of the complaint are accepted as true. It must appear beyond doubt that the plaintiff can prove no set of facts entitling him to relief. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

**{¶5}** A writ of habeas corpus is the proper remedy for a state prisoner to pursue when he believes his present incarceration is not lawful. *State ex rel. Nelson v. Griffin*, 103 Ohio St.3d 167, 2004-Ohio-4754, ¶5. "[T]he burden of proof is upon the petitioner to establish his right to release." *Halleck v. Koloski*, 4 Ohio St.2d 76, 77 (1965) (citation omitted). A writ of habeas corpus can only be granted if the petitioner establishes that either (1) the sentencing court in his underlying criminal proceeding lacked jurisdiction to convict him, or (2) he is still being held in prison although he has already served his entire sentence. *State ex rel. Vinson v. Gansheimer*, 11th Dist. Ashtabula No. 2007-A-0042, 2007-Ohio-5205, ¶6.

**{¶6}** "Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law." *In re Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, ¶6 (citation omitted); *see also Cornell v. Schotten*, 69 Ohio St.3d 466, 467 (1994) (habeas corpus may not be used as a substitute for other forms of action, such as a direct appeal or postconviction relief petition). Additionally, "a defendant who * * * voluntarily, knowingly, and intelligently enters a guilty plea with the assistance of counsel 'may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, ¶78, quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

**{¶7}** Here, petitioner does not allege that the trial court lacked subject matter jurisdiction to convict him. Further, petitioner has not alleged facts that establish he is entitled to immediate release: the trial court sentenced petitioner to an aggregate ten-year mandatory prison sentence that does not expire until the year 2023.

**{¶8}** Petitioner argues he is entitled to a writ of habeas corpus due to an alleged warrantless arrest and an alleged warrantless search and seizure of evidence. Even if these claims are accepted as true, they do not implicate the trial court's jurisdiction. Moreover, they are not cognizable in habeas corpus because petitioner had adequate remedies at law in which to raise these claims. *See Williamson v. Williams*, 103 Ohio St.3d 25, 2004-Ohio-4111, ¶3 (citations omitted).

**{¶9}** Petitioner's petition fails to state a claim upon which habeas relief can be granted.

3

{¶10} Petitioner's motion for summary judgment is overruled. Respondent's motion to dismiss is granted, and the petition for habeas corpus is hereby dismissed.

THOMAS R. WRIGHT, P.J., DIANE V. GRENDELL, J., TIMOTHY P. CANNON, J., concur.