[Cite as *State ex rel. Davis v. Sloan*, 2018-Ohio-4374.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**


STATE OF OHIO ex rel. DWAYNE DAVIS,  **:**     **PER CURIAM OPINION**

        Petitioner,          **:**

    - vs -               **:**     **CASE NO.  2018-A-0063**

WARDEN BRIGHAM SLOAN,        **:**

        Respondent.         **:**


Original Action for Writ of Habeas Corpus.

Judgment: Petition dismissed.


*Dwayne Davis*, pro se, PID: A644-653, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Petitioner).

*Mike DeWine*, Ohio Attorney General, and *Maura O'Neill Jaite*, Senior Assistant Attorney General, Criminal Justice Section, 150 East Gay Street, 16th Floor, Columbus, OH 43215 (For Respondent).


PER CURIAM.

{¶1}   Petitioner, Dwayne Davis, seeks a writ of habeas corpus against respondent, Brigham Sloan, Warden of the Lake Erie Correctional Institution, for his immediate release from imprisonment.  The petition is dismissed for the reasons that follow.

{¶2}   In September 2013, petitioner pled guilty to Burglary, a second-degree felony in violation of R.C. 2911.12(A)(1); Burglary, a fourth-degree felony in violation of R.C. 2911.12(B); and Intimidation of a Crime Victim or Witness, a third-degree felony in

violation of R.C. 2921.04(B). On October 3, 2013, the trial court imposed an aggregate prison term of ten years, which was affirmed on appeal in *State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501. The trial court subsequently denied a petition for postconviction relief, which was also affirmed on appeal in *State v. Davis*, 8th Dist. Cuyahoga No. 106012, 2018-Ohio-751.

**{¶3}** On April 19, 2018, petitioner filed a petition for a writ of habeas corpus, alleging he is being unlawfully restrained at the Lake Erie Correctional Institution, which this court dismissed for failure to state a claim upon which habeas relief could be granted. *State ex rel. Davis v. Sloan*, 11th Dist. Ashtabula No. 2018-A-0039, 2018-Ohio-2890.

**{¶4}** On August 1, 2018, petitioner filed this second petition for writ of habeas corpus. The matter is now before us on petitioner's motion for summary judgment and respondent's motion to dismiss and/or for summary judgment, both having been duly opposed.

**{¶5}** A writ of habeas corpus is the proper remedy for a state prisoner to pursue when he believes his present incarceration is not lawful. *State ex rel. Nelson v. Griffin*, 103 Ohio St.3d 167, 2004-Ohio-4754, ¶5. "[T]he burden of proof is upon the petitioner to establish his right to release." *Halleck v. Koloski*, 4 Ohio St.2d 76, 77 (1965) (citation omitted). A writ of habeas corpus can only be granted if the petitioner establishes that either (1) the sentencing court in his underlying criminal proceeding lacked jurisdiction to convict him, or (2) he is still being held in prison although he has already served his entire sentence. *State ex rel. Vinson v. Gansheimer*, 11th Dist. Ashtabula No. 2007-A-0042, 2007-Ohio-5205, ¶6.

**{¶6}** "Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law." *In re Goeller*, 103 Ohio St.3d

2

427, 2004-Ohio-5579, ¶6 (citation omitted); *see also Cornell v. Schotten*, 69 Ohio St.3d 466, 467 (1994) (habeas corpus may not be used as a substitute for other forms of action, such as a direct appeal or postconviction relief petition).

{¶7} When presented with a Civ.R. 12(B)(6) motion to dismiss, the factual allegations of the complaint are accepted as true. It must appear beyond doubt that the plaintiff can prove no set of facts entitling him to relief. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

{¶8} Here, petitioner alleges the affidavit establishing probable cause for his arrest was not properly notarized. He concludes, therefore, that the trial court never acquired subject matter jurisdiction to convict him due to this alleged defect. Petitioner reaches this conclusion by relying on Crim.R. 3, which governs criminal complaints, not arrest warrants. "In addition, 'it is now well established that even if an arrest is illegal it does not affect the validity of subsequent proceedings based on a valid indictment nor furnish [a] ground for release by habeas corpus after conviction.'" *State ex rel. Jackson v. Brigano*, 88 Ohio St.3d 180, 181 (2000), quoting *Krauter v. Maxwell*, 3 Ohio St.2d 142, 144 (1965), citing *Brown v. Maxwell*, 174 Ohio St. 29, 30 (1962).

{¶9} Petitioner appears to additionally argue that either a criminal complaint was not filed against him or, if one was filed, it was defective. This claim is also not cognizable in habeas corpus because petitioner was convicted upon an indictment. *Id.*, citing *State ex rel. Dozier v. Mack*, 85 Ohio St.3d 368, 369 (1999) and *Thornton v. Russell*, 82 Ohio St.3d 93, 94 (1998); *Harris v. Bagley*, 97 Ohio St.3d 98, 2002-Ohio-5369, ¶3.

{¶10} Even if petitioner's claims are accepted as true, they do not implicate the trial court's subject matter jurisdiction. Moreover, petitioner had adequate remedies at

3

law in which to raise these alleged defects. *See Williamson v. Williams*, 103 Ohio St.3d 25, 2004-Ohio-4111, ¶3 (citations omitted).

{¶11} Petitioner's petition therefore fails to state a claim upon which habeas relief can be granted.

{¶12} The instant petition is additionally barred by the doctrine of res judicata, as the issues now raised are substantially the same as those raised in his first petition for habeas corpus. *See State ex rel. Childs v. Lazaroff*, 90 Ohio St.3d 519, 520 (2001), citing *Hudlin v. Alexander*, 63 Ohio St.3d 153, 156 (1992) ("*res judicata* is applicable to successive habeas corpus petitions because habeas corpus petitioners have the right to appeal adverse judgments in habeas corpus cases"). We note, therefore, that any additional habeas corpus petitions which raise these identical arguments may be dismissed by this court, without notice, sua sponte. *See Hill v. Kelly*, 11th Dist. Trumbull No. 2011-T-0094, 2011-Ohio-6341, ¶4, citing *State ex rel. Thompson v. Spon*, 83 Ohio St.3d 551, 553 (1998) and *State ex rel. Bruggeman v. Ingraham*, 87 Ohio St.3d 230, 231 (1999) ("sua sponte dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint").

{¶13} Respondent's motion to dismiss is granted, and petitioner's motion for summary judgment is overruled.

{¶14} The petition for habeas corpus is hereby dismissed.

THOMAS R. WRIGHT, P.J., DIANE V. GRENDELL, J., TIMOTHY P. CANNON, J., concur.