[Cite as *State ex rel. Davis v. Sloan*, 2018-Ohio-5328.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. DWAYNE DAVIS, | : | **PER CURIAM OPINION** |
| Petitioner, | : | |
| - vs - | : | **CASE NO. 2018-A-0092** |
| WARDEN BRIGHAM SLOAN, | : | |
| Respondent. | : | |

Petition for Writ of Habeas Corpus.

Judgment: Petition dismissed.

*Dwayne Davis*, pro se, PID: A644-653, Lake Erie Correctional Institute, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Petitioner).

*Mike DeWine*, Ohio Attorney General, and *Maura O'Neill Jaite*, Senior Assistant Attorney General, Criminal Justice Section, 150 East Gay Street, 16th Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1} Petitioner, Dwayne Davis, seeks a writ of habeas corpus against respondent, Brigham Sloan, Warden of the Lake Erie Correctional Institution, for his immediate release from imprisonment. The petition is dismissed, sua sponte, for the reasons that follow.

{¶2} A writ of habeas corpus can only be granted if the petitioner establishes that either (1) the sentencing court in his underlying criminal proceeding lacked jurisdiction to

convict him, or (2) he is still being held in prison although he has already served his entire sentence. *State ex rel. Vinson v. Gansheimer*, 11th Dist. Ashtabula No. 2007-A-0042, 2007-Ohio-5205, ¶6. "Furthermore, it is well settled under Ohio law that an inmate is not entitled to the issuance of the writ when there exists an alternative legal remedy through which he could obtain the identical relief sought under the habeas corpus claim." *Id.* (citation omitted); *see also Cornell v. Schotten*, 69 Ohio St.3d 466, 467 (1994) (habeas corpus may not be used as a substitute for other forms of action, such as a direct appeal or postconviction relief petition).

{¶3} In September 2013, petitioner pled guilty to Burglary, a second-degree felony in violation of R.C. 2911.12(A)(1); Burglary, a fourth-degree felony in violation of R.C. 2911.12(B); and Intimidation of a Crime Victim or Witness, a third-degree felony in violation of R.C. 2921.04(B). *State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501, ¶3. On October 3, 2013, the trial court imposed an aggregate prison term of ten years, which was affirmed on appeal. *Id.* at ¶24. The trial court subsequently denied a petition for postconviction relief, which was also affirmed on appeal in *State v. Davis*, 8th Dist. Cuyahoga No. 106012, 2018-Ohio-751.

{¶4} On April 19, 2018, petitioner filed a petition for a writ of habeas corpus, alleging he is being unlawfully restrained at the Lake Erie Correctional Institution, which this court dismissed for failure to state a claim upon which habeas relief could be granted. *State ex rel. Davis v. Sloan*, 11th Dist. Ashtabula No. 2018-A-0039, 2018-Ohio-2890.

{¶5} On August 1, 2018, petitioner filed a second petition for writ of habeas corpus, which this court also dismissed for failure to state a claim upon which habeas relief could be granted. *State ex rel. Davis v. Sloan*, 11th Dist. Ashtabula No. 2018-A-

2

0063, 2018-Ohio-4374. His second petition was also barred by the doctrine of res judicata, as the issues he raised were substantially the same as those raised in his first petition. *Id.* at ¶12. This court further noted that any additional habeas corpus petitions which raise the same arguments as his previous petitions may be dismissed by this court, without notice, sua sponte. *Id.*

{¶6} In his previous petitions, petitioner alleged the trial court never acquired subject matter jurisdiction to convict him due to (1) an alleged defective affidavit establishing probable cause; (2) an alleged warrantless arrest and warrantless search and seizure of evidence; and (3) an alleged non-existent complaint and defective indictment.

{¶7} We concluded in our previous opinions that none of petitioner's arguments were cognizable in habeas corpus and that, even if accepted as true, none implicated the trial court's subject matter jurisdiction. Moreover, petitioner had adequate remedies at law in which to raise these alleged defects. *See Davis*, 2018-Ohio-2890, at ¶8, citing *Williamson v. Williams*, 103 Ohio St.3d 25, 2004-Ohio-4111, ¶3; *Davis*, 2018-Ohio-4374, at ¶8-10, citing *State ex rel. Jackson v. Brigano*, 88 Ohio St.3d 180, 181 (2000) and *Harris v. Bagley*, 97 Ohio St.3d 98, 2002-Ohio-5369, ¶3.

{¶8} In the petition now before us, petitioner raises identical arguments but attempts to recast them as claims for "malicious prosecution" and "sham legal process" to avoid application of the doctrine of res judicata. We are unpersuaded.

{¶9} We conclude, therefore, that the instant petition is barred by the doctrine of res judicata. *See State ex rel. Childs v. Lazaroff*, 90 Ohio St.3d 519, 520 (2001), citing *Hudlin v. Alexander*, 63 Ohio St.3d 153, 156 (1992) ("*res judicata* is applicable to

3

successive habeas corpus petitions because habeas corpus petitioners have the right to appeal adverse judgments in habeas corpus cases"). It is apparent from the face of the petition that petitioner cannot prevail on the facts alleged therein.

{¶10} The petition for habeas corpus must be dismissed for failure to state a claim upon which relief can be granted. *See Hill v. Kelly*, 11th Dist. Trumbull No. 2011-T-0094, 2011-Ohio-6341, ¶4, citing *State ex rel. Thompson v. Spon*, 83 Ohio St.3d 551, 553 (1998) and *State ex rel. Bruggeman v. Ingraham*, 87 Ohio St.3d 230, 231 (1999) ("sua sponte dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint").

{¶11} The petition for habeas corpus is hereby dismissed, sua sponte.



THOMAS R. WRIGHT, P.J., DIANE V. GRENDELL, J., TIMOTHY P. CANNON, J., concur.