[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Green v. Shoop*, **Slip Opinion No. 2020-Ohio-873.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-873

GREEN, APPELLANT, *v*. SHOOP, WARDEN, APPELLEE.

[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Green v. Shoop*, **Slip Opinion No. 2020-Ohio-873.]**

*Habeas corpus—Res judicata—Alleged failure of state to file criminal complaint not cognizable in habeas corpus because defendant had been indicted—Res judicata bars successive habeas corpus petitions—Court of appeals' judgment dismissing petition affirmed.*

(No. 2019-1052—Submitted December 10, 2019—Decided March 12, 2020.)

APPEAL from the Court of Appeals for Ross County,

No. 19CA3675.

_____

**Per Curiam.**

{¶ 1} Appellant, Danny M. Green, appeals the judgment of the Fourth District Court of Appeals dismissing his petition for a writ of habeas corpus against appellee, Tim Shoop, warden of the Chillicothe Correctional Institution.  Green has also filed a motion to strike the warden's merit brief for lack of a valid certificate

of service. We affirm the judgment of the court of appeals and deny the motion to strike.

**Green's Petition**

{¶ 2} In April 2013, Green pleaded guilty to two amended charges of rape and the trial court sentenced him to an aggregate nine-year prison term. Green did not directly appeal his convictions or sentence.

{¶ 3} In December 2015, Green filed a petition for a writ of habeas corpus in the Ross County Court of Common Pleas, alleging deprivations of his constitutional rights. The trial court dismissed Green's petition because he could have raised his claims on direct appeal.

{¶ 4} On March 14, 2019, Green filed against the warden a petition for a writ of habeas corpus in the Fourth District, arguing that he was entitled to immediate release because no criminal complaint had been filed, the case had not been properly before the grand jury, and all subsequent proceedings were a nullity.

{¶ 5} On June 28, 2019, the court of appeals granted the warden's motion to dismiss on two grounds: Green's claims were not cognizable in habeas corpus and res judicata bars his successive habeas corpus petition. Green appealed to this court.

{¶ 6} The court of appeals' analysis is correct in both respects. Res judicata bars Green's 2019 habeas corpus petition because he filed an earlier petition for a writ of habeas corpus in which he could have raised any cognizable claim that he had, *Bevins v. Richards*, 144 Ohio St.3d 54, 2015-Ohio-2832, 40 N.E.3d 1108, ¶ 4. In addition, the claims raised in Green's 2019 petition were not cognizable in habeas corpus. "Any defect caused by the alleged failure to file criminal complaints or the claimed impropriety of the municipal court's assumption of jurisdiction over * * * rape charges is not cognizable in habeas corpus." *Taylor v. Mitchell*, 88 Ohio St.3d 453, 454, 727 N.E.2d 905 (2000). Green was convicted and sentenced upon

indictments, and the trial court had jurisdiction over his case. *Boylen v. Bradshaw*, 108 Ohio St.3d 181, 2006-Ohio-549, 842 N.E.2d 49, ¶ 5.

**Motion to Strike**

{¶ **7**} S.Ct.Prac.R. 3.11(D)(1)(a) requires that "all documents presented for filing with the Clerk shall contain a certificate of service. The certificate of service shall state the date and manner of service and identify the names of the persons served and shall be signed by the party or the amicus curiae who files the document."

{¶ **8**} A certificate of service on the warden's merit brief states that the warden sent a copy of the brief to Green on October 8, 2019. Green has attached to his motion to strike a cover letter from the warden dated October 9, 2019, showing that October 9 was the date on which the warden sent his brief to Green.

{¶ **9**} Green claims that the discrepancy in the dates shows a "willful act" to deprive him of more time to prepare and deliver his reply brief. But Green presents no evidence to support this claim. Green did not request a time extension and he filed his reply brief before the due date. Green also acknowledges that he has not been prejudiced because, in Green's words, the warden's brief "contained nothing that even addressed Appellant's claim of erroneous case law, let alone disproved it." Accordingly, Green's motion to strike is denied.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Danny M. Green, pro se.

Dave Yost, Attorney General, and Maura O'Neill Jaite, Assistant Attorney General, for appellee.

_____