[Cite as *State v. Hatton*, 2012-Ohio-2019.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 :       Case No.   11CA21

vs.                                     :

MARTIN L. HATTON,                       :       DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                :

_____

APPEARANCES:

APPELLANT PRO SE:          Martin L. Hatton, P.O. Box 120-349126, Lebanon, Ohio
                           45036

COUNSEL FOR APPELLEE:      Judy C. Wolford, Pickaway County Prosecuting Attorney,
                           and Jayme Hartley Fountain, Pickaway County Assistant
                           Prosecuting Attorney, 203 South Scioto Street, P.O. Box 910,
                           Circleville, Ohio 43113

CRIMINAL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 5-3-12

ABELE, P.J.

{¶ 1}   This is an appeal from a Pickaway County Common Pleas Court judgment that denied

a motion to dismiss and/or vacate conviction and sentence filed by Martin L. Hatton, defendant

below and appellant herein.

{¶ 2}   Appellant assigns the following error for review:

> "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION
> IN DENYING APPELLANT'S MOTION TO DISMISS AND/OR TO
> VACATE CONVICTION AND SENTENCE DUE TO THE

COURT'S LACK OF SUBJECT MATTER JURISDICTION."

**{¶ 3}** On January 29, 1997, a Pickaway County Grand Jury returned a five-count indictment against appellant. The first page of the indictment states, in bold-faced capital letters, "Indictment for aggravated burglary, with count for kidnapping, felonious assault, rape, and theft." The first page also contains appellant's name, date of birth, and social security number. The first page then contains the first count of the indictment: aggravated burglary. The second page of the indictment contains the second, third, and fourth counts: kidnapping, felonious assault, and rape. The third page contains the fifth count: theft. The third page additionally contains the prosecuting attorney's signature, the grand jury foreman's signature, and states "a true bill."

**{¶ 4}** At the arraignment hearing, appellant "acknowledged service of the Indictment, had the receipt of the same for over 24 hours, and waived the reading of the [indictment]." He then entered not guilty pleas.

**{¶ 5}** After a four-day jury trial, the jury found appellant guilty of all counts of the indictment. The trial court later sentenced appellant to thirty-nine years of incarceration.

**{¶ 6}** Nearly fourteen years later, on April 7, 2011, appellant filed a "motion to dismiss and/or to vacate conviction and sentence due to the court's lack of subject matter jurisdiction." He claimed that the 1997 indictment filed against him was invalid because every page of the multiple-page indictment did not (1) clearly indicate that the offense(s) charged on a particular page belonged to appellant's case number and (2) did not contain the grand jury foreperson's signature. Appellant further argued that the indictment could not have related to him because the first page of the indictment did not contain the correct date of his arrest.

**{¶ 7}** On August 2, 2011, the trial court denied appellant's motion. The court determined

that appellant's argument was "flawed," because "Ohio law does not require that each count of an indictment be signed." The court found:

> "The five counts for which [appellant] was indicted were set forth in a single indictment filed with the court on January 29, 1997. The indictment was signed on the last page at the end of the indictment, by the foreperson of the Grand Jury. The Sheriff's return for warrant on indictment filed with the Clerk of Court's Office January 30, 1997, indicates that the Defendant was arrested January 29, 1997, and that the Defendant was provided with a copy of the indictment. Furthermore, at his arraignment, [appellant] waived the reading of the indictment and acknowledged having received a copy of the indictment."

This appeal followed.

{¶ 8} In his sole assignment of error, appellant asserts that the trial court erred by overruling his motion to dismiss and/or vacate his conviction and sentence. Appellant argues that he was never lawfully indicted "and that any papers purporting to be an indictment do not relate to him."

{¶ 9} The state asserts that the doctrine of res judicata bars appellant's motion. The state further asserts that appellant's argument that a valid indictment was never returned against him is completely meritless.

{¶ 10} We agree with the state that the doctrine of res judicata bars appellant's claim that his indictment was not validly returned against him. The doctrine of res judicata prohibits a convicted defendant "from raising and litigating in any proceeding except an appeal from the judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from the judgment." State v. Perry, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶ 11} "The manner by which an accused is charged with a crime is procedural rather than jurisdictional, and after a conviction for crimes charged in an indictment, the judgment binds the defendant for the crime for which he was convicted."  Orr v. Mack, 83 Ohio St.3d 429, 430, 700 N.E.2d 590 (1998).   In the case at bar, appellant challenges the manner by which he was charged with the crimes.   He has been convicted.   That judgment thus binds him for those crimes.   Thus, appellant's claim that a defect in the procedure by which he was indicted rendered the trial court without jurisdiction is meritless.   Consequently, he should have raised any challenges to the indictment on direct appeal–not fourteen years later.

{¶ 12} Assuming, arguendo, that res judicata did not bar appellant's claim, we agree with the state's argument and hereby incorporate it:

> "A thorough review of Criminal Rules 6 and 7 reveals that the indictment in this case fully complies with the Rules.   It was signed by the grand jury foreman, signed by the Prosecutor, and file[] stamped by the Clerk of Courts.   Each count of the indictment is accompanied by the appropriate Revised Code Statute, the Defendant's name appears on the first page of the indictment making it clear that the entire document applies to Defendant and not the co-Defeat.   Finally, the case number associated with the file by the Clerk of Courts' office is the file number associated with the Defendant in this case.
>
> Defendant continuously attempts to rely on the case of State v. Koval (Oct. 16, 2006), Warren App. No. CA2005-06-083, 2006-Ohio-5377, [appeal not allowed, 113 Ohio St.3d 1415, 2007-Ohio-1036, 862 N.E.2d 844] in support of his position that he was never indicted.   However, Appellant again fails to recognize the significance of this decision that completely refutes his argument because the indictment in Appellant's case fully complies with the comments from the Court in the Koval case.   The Koval court stated: '[a] multiple-count indictment containing the words, "a true bill" and signed by the grand jury foreperson is sufficient when the entire document is provided to the defendant, notwithstanding that each count of the indictment is not separately signed by the foreperson.'   Id. at ¶¶31-32. Additionally, Defendant acknowledged receipt of the indictment and charges brought against him at the arraignment and cannot now be permitted to argue that he was never indicted at all.   Defendant claims the indictment could have applied to anybody because of the use of the term 'Said Individual.'   Again, Defendant makes a frivolous argument because it is clear that his name appeared on the first page of

the indictment, and that the entire indictment applied to him, and was properly
signed by the grand jury foreperson."

We further note that another court has rejected appellant's exact argument.  State v. Ballow, 9th

Dist. No. 2527-M (July 3, 1996).  In Ballow, the court explained:

"Ohio law does not require that each count of an indictment be signed.
R.C.2939.20 provides:
'At least twelve of the grand jurors must concur in the finding of an indictment.  When so found, the foreman shall indorse on such indictment the words 'A true bill' and subscribe his name as foreman.'
Crim.R. 6(C) provides that '[t]he foreman shall have power to administer
oaths and affirmations and shall sign all indictments.' Crim.R. 6(F) provides:
'An indictment may be found only upon the concurrence of seven or more
jurors.  When so found the foreman or deputy foreman shall sign the indictment as
foreman or deputy foreman.'
The three counts for which Ballow was indicted were set forth in a single
indictment filed with the court on April 20, 1996.  The indictment was signed on
page three, at the end of the indictment, by the foreperson of the Grand Jury.  The
officer who arrested Ballow stated in the 'Return of Executed Warrant,' filed as part
of the record, that he provided Ballow with a copy of the indictment.  At his
arraignment, Ballow waived the reading of the indictment and acknowledged having
received a copy of the indictment.
A multiple-count indictment containing the words 'a true bill' and signed by
the foreperson of the Grand Jury is sufficient when the entire indictment is provided
to a defendant, notwithstanding that each count of the indictment is not separately
signed by the foreperson.  See Ruch v. State (1924), 111 Ohio State 580, 585."

{¶ 13} Accord State v. Bray, 2nd Dist. No. 2010CA14, 2011-Ohio-4660, ¶54 ("There is no

requirement in the Criminal Rules or the Revised Code that the grand jury foreperson sign every

page and/or count in a multiple count indictment.  In the instant case, Bray's indictment was

signed by the grand jury foreperson and contains the words 'a true bill.'  Bray does not assert that

he was not provided a copy [of] the indictment, and at his arraignment, he waived the reading of

the indictment.  Accordingly, Bray's indictment is not defective and does not warrant reversal of

his convictions.").      In accordance with the foregoing, we find it wholly disingenuous for

appellant to suggest that he was not validly indicted and, therefore, had no indictment to challenge. Appellant appeared at arraignment, acknowledged the receipt of the indictment, and waived the reading of the indictment. Appellant obviously received a copy of the indictment. Appellant's argument that no indictment exists is borderline frivolous.

{¶ 14} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Kline, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

## **NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.