[Cite as *State v. Pitts*, 2024-Ohio-987.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case Nos. CT2023-0050 |
| | : | CT2023-0043 |
| MARCUS A. PITTS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Muskingum County
                                Court of Common Pleas, Case No.
                                CR2023-0130


JUDGMENT:                       AFFIRMED IN PART, REVERSED IN
                                PART, AND REMANDED


DATE OF JUDGMENT ENTRY:         March 15, 2024


APPEARANCES:


For Plaintiff-Appellee:                 For Defendant-Appellant:

RONALD L. WELCH                         CHRIS BRIGDON
MUSKINGUM CO. PROSECUTOR                8138 Somerset Road
JOHN CONNOR DEVER                       Thornville, OH 43076
27 North Fifth St., P.O. Box 189
Zanesville, OH 43702

*Delaney, P.J.*

{¶1} Appellant Marcus A. Pitts appeals from the May 1, 2023 Entry of the Muskingum County Court of Common Pleas. Appellee is the state of Ohio.

{¶2} The instant appeal is consolidated from two case numbers: 5th District Morgan Nos. CT2023-0050 and CT2023-0043.

**FACTS AND PROCEDURAL HISTORY**

{¶3} The following facts are adduced from appellee's statement at the change-of-plea and sentencing hearing on April 27, 2023.

{¶4} The Zanesville Police Department received numerous complaints about drug trafficking at an address on Luck Avenue. Sgt. Wilhite made contact with a confidential informant (C.I.) who provided information about drug trafficking on three dates. On February 6, police effectuated a traffic stop and found narcotics determined to have come from the Luck Avenue address.

{¶5} On February 14, 2023, Probation Officer Matt Cook of the Morgan County Common Pleas Court went to the Luck Avenue address. Appellant was Cook's probationer and on judicial release arising from a felonious assault case in Morgan County. As a condition of his release, appellant and his residence were subject to search at any time by members of the Morgan County Court of Common Pleas Probation Department.

{¶6} When Cook arrived, there were numerous people in the backyard of the residence. Appellant arrived and they went inside. Cook began his search in appellant's bedroom, which contained a small refrigerator. In the freezer compartment, Cook found

a makeup bag containing a large amount of U.S. currency and Suboxone strips. Cook stated he does not have a prescription for Suboxone.

{¶7} Cook continued to search and found a black nylon cinch bag on the floor. As he started to open it, appellant became very nervous and attempted to back out of the room. Inside the bag was a gallon-sized Ziploc bag containing a crystalline substance that appeared to be methamphetamine.

{¶8} Appellant was detained. Cook contacted the Zanesville Police Department and a search warrant was sought and obtained. Upon execution of the search warrant, police found $2,478 in U.S. currency in the makeup bag.

{¶9} In the bedroom, police found a purse on the bed containing the Ohio I.D. of Tiffany Bagley, along with numerous documents in the names of Tiffany Bagley, appellant, and Timothy Bagley. On top of a shoe rack was an orange and white leather backpack containing two semi-automatic handguns with loaded magazines and a large amount of crystal substance residue throughout the bag.

{¶10} In the basement was a kitchen-style island shelf with a bathroom vanity mirror. On the mirror were writings identified by police as indicators of Real Riders gang activity. The kitchen island was obviously being used to break down large quantities pf methamphetamine and prepare them for distribution because there was crystal residue all over the top of the island.

{¶11} Two sets of digital scales were inside the kitchen vanity. One set had a plastic drinking cup containing a small amount of crystal substance. The other set of scales had a metal bowl with residue. Also in the kitchen were a large amount of crystal residue as well as gallon zip-style plastic bags containing crystal residue.

{¶12} On the front of the island was a box of plastic sandwich bags. The bags were the same brand and style as the bag containing the substance found in appellant's bedroom. There were numerous vinyl gloves in the same area, along with a Taco Bell nametag stating "Tiffany, Assistant Manager."

{¶13} Found in the trash between the washer and dryer was packaging that, in the detective's experience, appeared to be "kilo pound level packaging" typically found in large-scale distribution of methamphetamine.  T. 18.

{¶14} The substance was collected and weighed, yielding more than 300 grams of methamphetamine.

{¶15} Appellant was charged by indictment with one count of aggravated drug trafficking pursuant to R.C. 2925.03(A)(2) and (C)(1)(f), a felony of the first degree [Count I]; one count of aggravated drug possession pursuant to R.C. 2925.11(A) and (C)(1)(c), a felony of the first degree [Count II]; and two counts of having weapons while under disability pursuant to R.C. 2923.13(A)(2) and (B), felonies of the third degree [Counts III and IV].  Count I was accompanied by a major drug offender specification ("M.D.O.") pursuant to R.C. 2941.1410(A) and a specification for forfeiture of money in a drug case pursuant to R.C. 2941.1417(A).  Count II is accompanied by a firearm specification pursuant to R.C. 2941.141(A) and a M.D.O. specification pursuant to R.C. 2941.1410(A). Counts III and IV are accompanied by firearm specifications pursuant to R.C. 2941.141(A).

{¶16} Appellant entered pleas of not guilty.

{¶17} On April 27, 2023, appellant came before the trial court and changed his pleas of not guilty to ones of guilty to Counts II and III, both as amended.  The guilty plea

to Count II includes the M.D.O. specification but not the firearm specification. In exchange for the guilty pleas, appellee agreed to dismiss Counts I, IV, and the firearm specifications.[1] Appellant agreed to forfeit the firearms seized in the investigation. Appellee agreed to make no sentencing recommendation at the change-of-plea hearing, but both parties reserved the right to argue for the sentence they felt was appropriate at sentencing.

{¶18} The trial court accepted appellant's guilty pleas and found him guilty. Appellant waived preparation of a pre-sentence investigation and asked to be sentenced immediately.

{¶19} The trial court inquired about appellant's criminal history and was told that he was presently on judicial release for a felonious assault in Morgan County. In addition to that offense, appellant had prior convictions for possession of methamphetamine and heroin; domestic violence; multiple thefts; and multiple convictions for violation of a protection order.

{¶20} The trial court imposed a stated mandatory minimum prison term of 11 years, a mandatory fine of $10,000, and an indefinite prison term of 16½ years upon Count II, and a stated prison term of 36 months upon Count III. The sentencing Entry of the trial court dated May 1, 2023 states the following regarding consecutive sentences:

> * * * *.
>
> Provided however the terms of incarceration imposed herein shall be served mandatory consecutive to one another for an

---

[1] No mention is made of the cash forfeiture specification which accompanied Count I in the indictment.

aggregate prison term of a minimum fourteen (14) years of which eleven (11) years are mandatory to a maximum indefinite nineteen and one half (19½) years. **Should Morgan County Common Pleas Court terminate Judicial Release and reimpose the balance of the sentence in case number 16CR0031, the sentence imposed herein shall be served consecutively.** (Emphasis added).

\* \* \* \*.

{¶21} Appellant now appeals from the trial court's May 1, 2023 Entry of conviction and sentence.

{¶22} Appellant raises two assignments of error:

## ASSIGNMENTS OF ERROR

{¶23} "I. DID THE TRIAL COURT ERR WHEN SENTENCING THE APPELLANT TO THE MAXIMUM ALLOWABLE UNDER R.C. 2901.05, IN CONTRAVENTION OF STATUTE[?]"

{¶24} "II. WAS THE CONSECUTIVE SENTENCE ASSOCIATED WITH MUSKINGUM COUNTY CASE ORDERED TO RUN CONSECUTIVE WITH ANY FUTURE SENTENCE IMPOSED BY MORGAN COUNTY UNLAWFUL [*sic throughout*][?]"

## ANALYSIS

### I., II.

{¶25} Appellant's two assignments of error are related and will be considered together. He challenges the trial court's sentence, alleging the record does not support

the maximum sentence and the trial court was not authorized to impose a sentence consecutive to a prospective future prison term imposed by a different court.

{¶26} A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial court record, including any oral or written statements and presentence investigation reports. R.C. 2953.08(F)(1) through (4). We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶ 28.

*Maximum sentence*

{¶27} A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law if the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. *State v. Carbaugh*, 5th Dist. No. CT2022-0050, 2023-Ohio-1269, 213 N.E.3d 180, ¶ 26, internal citations omitted. "[N]either R.C. 2929.11 nor 2929.12 require [the] court to make any specific factual findings on the record." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 20, *citing State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

{¶28} In *State v. Bryant*, the Court clarified,

The narrow holding in *Jones* [163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649] is that R.C. 2953.08(G)(2) does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *See Jones* at ¶ 31, 39. Nothing about that holding should be construed as prohibiting appellate review of a sentence when the claim is that the sentence was improperly imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12. Indeed, in *Jones*, this court made clear that R.C. 2953.08(G)(2)(b) permits appellate courts to reverse or modify sentencing decisions that are "'otherwise contrary to law.'" *Jones* at ¶ 32, *quoting* R.C. 2953.08(G)(2)(b). This court also recognized that "otherwise contrary to law" means "'in violation of statute or legal regulations at a given time.'" Id. at ¶ 34 *quoting* Black's Law Dictionary 328 (6th Ed.1990). Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law. Claims that raise these types of issues are therefore reviewable.

> *State v. Bryant,* 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 22.

{¶29} In the instant case, on the record at the sentencing hearing, the trial court stated, "Based upon the facts and circumstances of this case, your record, aggravated

possession of drugs, methamphetamine, I'm imposing the minimum prison term of 11 years and the indefinite maximum of 16½ with the mandatory fine of $10,000. And prison term is mandatory." T. 28.

{¶30} Appellant waived preparation of a P.S.I. He committed the instant offenses while on judicial release from a felonious assault conviction in Morgan County and his criminal history includes numerous felony convictions, including possession of methamphetamine and heroin. When the trial court asked appellant if he wanted to make a statement, appellant replied that "this was a young man's game" and when he got out of prison he would be in his fifties. T. 23-24. He also claimed he could not find a legitimate job as a convicted felon. The trial court told appellant this excuse was silly and that he poisoned the community with his drug trafficking operation. The trial court asked appellant why he had firearms, and appellant admitted because drug dealers get robbed. T. 26. Appellant told the trial court he served 18 months out of three years on his Morgan County conviction. The trial court expressed disbelief that appellant, apparently a bright individual, chose to engage in drug sales while on judicial release, and described the facts of the case as "striking." T. 27-28.

{¶31} Appellant argues generally that the instant case does not represent the worst form of the offenses charged and that the trial court didn't address whether he was likely to commit future crimes. We can easily discern from the record, though, that the trial court considered the sentencing factors in R.C. 2929.11 and R.C. 2929.12. More importantly, appellant fails to point to any factors or considerations extraneous to those permitted by R.C. 2929.11 and 2929.12, that would establish the sentence is contrary to law.

{¶32} We conclude that the trial court did not commit error when it sentenced appellant to the maximum sentences. Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. While appellant may disagree with the weight given to these factors by the trial judge, his sentence was within the applicable statutory range and therefore, we have no basis for concluding that it is contrary to law. Appellant has not demonstrated that the trial court imposed the sentence based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12. *Carbaugh*, supra, 2023-Ohio-1269, 213 N.E.3d 180, ¶ 29 (5th Dist.).

{¶33} Appellant's first assignment of error is overruled.

*Consecutive to future Morgan County prison term*

{¶34} In his second assignment of error, appellant argues the trial court was not authorized to order his sentence to be served consecutive to any future sentence imposed by the Morgan County Court of Common Pleas, and we agree.

{¶35} R.C. 2929.14(C)(4) addresses consecutive sentences and provides:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶36} The trial court must make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings, nor must it recite certain talismanic words or phrases in order to be considered to have complied. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus.

{¶37} In the instant case, there is no dispute that the trial court made the required findings to impose consecutive sentences relating to Counts II, III, and the M.D.O. specification.

{¶38} Appellant argues, though, and appellee concedes, no authority permits the trial court to order the sentence to be served consecutively with any prospective prison term re-imposed by Morgan County in the felonious assault case for which appellant was on judicial release. Appellee points out the trial court may have attempted to sentence appellant pursuant to R.C. 2929.14(C)(1)(e), but that section applies only to offenses involving fentanyl-related compounds.

{¶39} Because there is no authority for the trial court to order the instant sentence to be served consecutively with a future potential term imposed by the Morgan County Court of Common Pleas, we sustain appellant's second assignment of error, vacate only the portion of the sentence referring to Morgan County, and remand for resentencing.

## CONCLUSION

{¶40} The judgment of the Muskingum County Court of Common Pleas is affirmed in part, reversed in part, and remanded for resentencing in accord with this opinion.

By: Delaney, P.J.,

Gwin, J. and

Wise, J., concur.