[Cite as *State v. Pitts*, 2025-Ohio-2703.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Andrew J. King, P.J. |
| Plaintiff-Appellee | : | Hon. Kevin W. Popham, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| MARCUS PITTS | : | Case No. CT2025-0044 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 2023-0130


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 July 31, 2025


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RONALD WELCH                              MARCUS PITTS, PRO SE
JOSEPH A. PALMER                          #815-940
27 North Fifth Street                     Southern Ohio Correctional Facility
#201                                      P.O. Box 45699
Zanesville, OH  43701                     Lucasville, OH  45699

*King, J.*

{¶ 1}   Defendant-Appellant, Marcus Pitts, appeals the April 9, 2025 journal entry of the Court of Common Pleas of Muskingum County, Ohio, denying his motion to dismiss. Appellee is the State of Ohio.  We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On February 23, 2023, the Muskingum County Grand Jury indicted Pitts on one count of aggravated trafficking in drugs in violation of R.C. 2925.03, one count of aggravated possession of drugs in violation of R.C. 2925.11, and two counts of having weapons while under disability in violation of R.C. 2923.13.  The indictment contained six specifications.

{¶ 3}   On April 27, 2023, Pitts pled guilty to the possession count with a major drug offender specification and one of the weapons counts.   The remaining counts and specifications were dismissed.  By entry filed May 1, 2023, the trial court sentenced Pitts to an aggregate term of fourteen years, eleven of which are mandatory, to a maximum indefinite nineteen and one-half years in prison.  The trial court ordered the sentence to be served consecutively to any possible sentence coming out of Morgan County.

{¶ 4}   Pitts filed an appeal, contesting the consecutive service to a possible Morgan County sentence.  This court vacated that portion of the sentence, finding the trial court did not have the authority "to order the instant sentence to be served consecutively with a future potential term imposed by the Morgan County Court," and remanded the matter for resentencing.  *State v. Pitts*, 2024-Ohio-987, ¶ 39 (5th Dist.).

{¶ 5}   By nunc pro tunc entry filed May 1, 2024, the trial court corrected the sentence, striking the consecutive service to any time imposed out of Morgan County.

{¶ 6}   On April 7, 2025, Pitts filed a motion to dismiss, claiming his indictment was deficient because it was not signed by the grand jury foreperson and therefore, the trial court lacked jurisdiction.  By journal entry filed April 9, 2025, the trial court denied the motion.

{¶ 7}   Pitts filed an appeal with the following assignments of error:

I

{¶ 8}   "THE TRIAL COURT ERRED BY NOT GRANTING MR. PITT'S MOTION TO DISMISS DUE TO THE STATE'S FAILURE [TO] STRICTLY COMPLY WITH THE STATUTORY MANDATE OF OHIO REVISED CODE 2939.20 IN VIOLATION OF MR. PITT'S 14TH AMENDMENT RIGHT TO DUE PROCESS."

II

{¶ 9}   "THE STATE VIOLATED MR. PITT'S 5TH AMENDMENT RIGHT TO INDICTMENT."

III

{¶ 10} "THE TRIAL COURT ABUSED THEIR DISCRETION BY FAILING TO TAKE JUDICIAL NOTICE OF THE FACTS AS REQUESTED BY APPELLANT AND MANDATORY BY LAW."

I, II, III

{¶ 11} In his assignments of error, Pitts claims the trial court erred in denying his motion to dismiss because his indictment was deficient and therefore, the trial court lacked jurisdiction over his case.  We disagree.

{¶ 12} Pitts argues the grand jury foreperson failed to sign the indictment with the words "A True Bill" in violation of R.C. 2939.20 ("At least twelve of the grand jurors must

concur in the finding of an indictment. When so found, the foreman shall indorse on such indictment the words 'A true bill' and subscribe his name as foreman"). A review of the indictment in this case shows it is comprised of six pages: the first four pages contain the descriptions of the four indicted counts and specifications followed by a prosecutor's signature. The fifth page of the indictment is a "Summary of Indictment" which lists the four counts and specifications. The page ends with the signature of a prosecutor and the signature of the "Foreperson of the Grand Jury" under the heading "A True Bill." The final page is the certification by the Clerk that the indictment was a "full, true and correct copy of the original indictment, with the endorsements thereon, now on file in my office." Contrary to Pitts's arguments, the indictment was not deficient under R.C. 2939.20 as it did contain the grand jury foreperson's signature under the words "A True Bill."

{¶ 13} In addition, Pitts's arguments are barred by res judicata:

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

*State v. Perry,* 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. *See also Grava v. Parkman Township*, 73 Ohio St.3d 379 (1995).

{¶ 14} Our colleagues from the Fourth District explained the following:

"The manner by which an accused is charged with a crime is procedural rather than jurisdictional, and after a conviction for crimes charged in an indictment, the judgment binds the defendant for the crime for which he was convicted." *Orr v. Mack,* 83 Ohio St.3d 429, 430, 700 N.E.2d 590 (1998). In the case at bar, appellant challenges the manner by which he was charged with the crimes. He has been convicted. That judgment thus binds him for those crimes. Thus, appellant's claim that a defect in the procedure by which he was indicted rendered the trial court without jurisdiction is meritless. Consequently, he should have raised any challenges to the indictment on direct appeal—not fourteen years later.

*State v. Hatton*, 2012-Ohio-2019, ¶ 11 (4th Dist.).

{¶ 15} Pitts could have challenged the indictment in his direct appeal when he challenged his consecutive sentence, but he failed to do so. Pitts never objected to the indictment or raised the issue of a deficient indictment until his motion to dismiss, almost one year after his resentencing.

{¶ 16} Upon review, we find the trial court did not err in denying Pitts's motion to dismiss.

{¶ 17} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By: King, P.J.

Popham, J. and

Gormley, J. concur.