[Cite as *State v. Pitts*, 2025-Ohio-3012.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Andrew J. King, P.J. |
| Plaintiff-Appellee | : | Hon. Kevin W. Popham, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| MARCUS PITTS | : | Case No. CT2025-0045 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 2023-0130

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      August 22, 2025

APPEARANCES:

For Plaintiff-Appellee

RONALD WELCH
JOSEPH A. PALMER
27 North Fifth Street
#201
Zanesville, OH 43701

For Defendant-Appellant

MARCUS PITTS, PRO SE
#815-940
Southern Ohio Correctional Facility
P.O. Box 45699
Lucasville, OH 45699

*King, J.*

{¶ 1}   Defendant-Appellant, Marcus Pitts, appeals the April 14, 2025 journal entry of the Court of Common Pleas of Muskingum County, Ohio, denying his second motion to dismiss.  Appellee is the State of Ohio.  We affirm the trial court.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}   On February 23, 2023, the Muskingum County Grand Jury indicted Pitts on one count of aggravated trafficking in drugs in violation of R.C. 2925.03, one count of aggravated possession of drugs in violation of R.C. 2925.11, and two counts of having weapons while under disability in violation of R.C. 2923.13.  The indictment contained six specifications.

{¶ 3}   On April 27, 2023, Pitts pled guilty to the possession count with a major drug offender specification and one of the weapons counts.  The remaining counts and specifications were dismissed.  By entry filed May 1, 2023, the trial court sentenced Pitts to an aggregate term of fourteen years, eleven of which are mandatory, to a maximum indefinite nineteen and one-half years in prison.  The trial court ordered the sentence to be served consecutively to any possible sentence coming out of Morgan County.

{¶ 4}   Pitts filed an appeal, contesting the consecutive service to a possible Morgan County sentence.  This court vacated that portion of the sentence, finding the trial court did not have the authority "to order the instant sentence to be served consecutively with a future potential term imposed by the Morgan County Court," and remanded the matter for resentencing.  *State v. Pitts*, 2024-Ohio-987, ¶ 39 (5th Dist.).

{¶ 5}   By nunc pro tunc entry filed May 1, 2024, the trial court corrected the sentence, striking the consecutive service to any time imposed out of Morgan County.

{¶ 6}   On April 7, 2025, Pitts filed a motion to dismiss, claiming his indictment was deficient because it was not signed by the grand jury foreperson and therefore, the trial court lacked jurisdiction.  By journal entry filed April 9, 2025, the trial court denied the motion.  This decision was subsequently affirmed on appeal (Case No. CT2025-0044). *State v. Pitts,* 2025-Ohio-2703 (5th Dist.).

{¶ 7}   On April 11, 2025, Pitts filed a second motion to dismiss, claiming his indictment was unlawful because the grand jury panel consisted of nine persons instead of fifteen in violation of R.C. 2939.02 and the indictment was signed by seven persons instead of twelve in violation of R.C. 2939.20.  By journal entry filed April 14, 2025, the trial court denied the motion.

{¶ 8}   Pitts filed an appeal with the following assignments of error:

I

{¶ 9}   "THE TRIAL COURT ERRED BY NOT GRANTING MR. PITTS MOTION TO DISMISS DUE TO THE STATE'S FAILURE [TO] STRICTLY COMPLY WITH THE STATUTORY MANDATE OF OHIO REVISED CODE 2939.20 IN VIOLATION OF MR. PITTS, 14TH AMENDMENT RIGHT TO DUE PROCESS."

II

{¶ 10} "THE STATE VIOLATED MR. PITTS 5TH AMENDMENT RIGHT TO INDICTMENT."

III

{¶ 11} "THE TRIAL COURT ABUSED THEIR DISCRETION BY FAILING TO TAKE JUDICIAL NOTICE OF THE FACTS AS REQUESTED BY APPELLANT AND MANDATORY BY LAW."

I, II, III

{¶ 12} In his assignments of error, Pitts claims the trial court erred in denying his motion to dismiss because his indictment was deficient and therefore, the trial court lacked jurisdiction over his case.  We disagree.

{¶ 13} The appellate brief in this case is identical to the appellate brief Pitts filed in his other appeal, Case No. CT2025-0044.   In this brief, Pitts argues the grand jury foreperson failed to sign the indictment with the words "A True Bill" in violation of R.C. 2939.20 which we found to be contrary because the indictment did contain the grand jury foreperson's signature under the words "A True Bill."  *Pitts,* 2025-Ohio-2703, at ¶ 12 (5th Dist.).  Pitts did not include any argument on the number of grand jury panel members or the number of grand jury signatures on the indictment which was the basis of his second motion to dismiss, the denial of which is the subject of this appeal.

{¶ 14} R.C. 2939.02 states: "Grand juries shall consist of fifteen persons who satisfy the qualifications of a juror specified in section 2313.17 of the Revised Code." R.C. 2939.20 states: "At least twelve of the grand jurors must concur in the finding of an indictment."  But Crim.R. 6(A) states: "The grand jury shall consist of nine members, including the foreperson" plus a number of alternates.  The Supreme Court of Ohio has held: "The number of jurors on a grand jury does not affect a substantive right. Accordingly, Crim.R. 6(A) controls the issue of how many grand jurors are needed to issue an indictment.  R.C. 2939.02 and 2939.20 are superseded insofar as they conflict with this rule."  *State v. Brown*, 38 Ohio St.3d 305 (1988), paragraph one of the syllabus, following *Wells v. Maxwell,* 174 Ohio St. 198 (1963); *accord State v. Holmes*, 2019-Ohio-2485, ¶ 9-17 (3d Dist.).  *See,* Ohio Const., art. IV, ¶ 5(B) ("The supreme court shall

prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right").  The arguments that Pitts made in his second motion to dismiss (but failed to make in his appellate brief) have no merit.

{¶ 15} In addition, Pitts's arguments are barred by res judicata:

Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

*State v. Perry,* 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.  *See also Grava v. Parkman Township*, 73 Ohio St.3d 379 (1995).

{¶ 16} Our colleagues from the Fourth District explained the following:

"The manner by which an accused is charged with a crime is procedural rather than jurisdictional, and after a conviction for crimes charged in an indictment, the judgment binds the defendant for the crime for which he was convicted."  *Orr v. Mack,* 83 Ohio St.3d 429, 430, 700 N.E.2d 590 (1998).  In the case at bar, appellant challenges the manner by which he was charged with the crimes.  He has been convicted.  That

judgment thus binds him for those crimes. Thus, appellant's claim that a defect in the procedure by which he was indicted rendered the trial court without jurisdiction is meritless. Consequently, he should have raised any challenges to the indictment on direct appeal—not fourteen years later.

*State v. Hatton*, 2012-Ohio-2019, ¶ 11 (4th Dist.).

{¶ 17} Pitts could have challenged the lawfulness of his indictment in his direct appeal when he challenged his consecutive sentence, but he failed to do so. Pitts never objected to the indictment or raised the issue of an unlawful indictment until his second motion to dismiss, almost one year after his resentencing.

{¶ 18} Upon review, we find the trial court did not err in denying Pitts's second motion to dismiss.

{¶ 19} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By: King, P.J.

Popham, J. and

Gormley, J. concur.