[Cite as *State v. Deitenbeck*, 2025-Ohio-4487.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0031 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2024-0377 |
| RALPH DEITENBECK, | |
| Defendant – Appellant | Judgment:   Affirmed |
| | Date of Judgment Entry: September 26, 2025 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; David M. Gormley, Judges

**APPEARANCES:** JOSEPH A. PALMER, for Plaintiff-Appellee; CHRIS BRIGDON, for Defendant-Appellant.

*Montgomery, J.*

## STATEMENT OF THE FACTS AND THE CASE

{¶1}   This case arose out of allegations that Ralph Deitenbeck (hereinafter "Deitenbeck") sexually abused his girlfriend's two minor children who were approximately aged 11 and 12 at the time of the alleged abuse.

{¶2}   Deitenbeck was charged with three counts of Rape, two counts of Gross Sexual Imposition and two counts of Endangering Children.

{¶3}   In exchange for Deitenbeck's plea of guilty to two counts of Sexual Battery, the State dismissed all other counts.

{¶4}   Deitenbeck pled guilty to two charges of Sexual Battery on January 30, 2025.

{¶5}   The trial court filed an Entry on March 12, 2025, wherein Deitenbeck was sentenced to the maximum prison term of sixty (60) months on each count. The trial court ordered the sentences to run consecutively for an aggregate prison sentence of 120 months.

{¶6}   Deitenbeck filed a Notice of Appeal on March 13, 2025.

{¶7}   Deitenbeck asserts the following two assignments of error:

{¶8}   "I.   THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM SENTENCES OF 60 MONTHS ON EACH COUNT IN VIOLATION OF R.C. 2929.11 AND R.C. 2929.12, WHERE THE RECORD DOES NOT SUPPORT THAT APPELLANT COMMITTED THE WORST FORM OF THE OFFENSE OR POSED THE GREATEST LIKELIHOOD OF RECIDIVISM, RENDERING THE SENTENCE CONTRARY TO LAW."

{¶9}   "II. THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES UNDER R.C 2929.14(C)(4) WITHOUT MAKING OR SUPPORTING THE NECESSARY STATUTORY FINDINGS ON THE RECORD, RESULTING IN A SENTENCE THAT IS CONTRARY TO LAW."

## STANDARD OF REVIEW

{¶10}  This Court recently held, " A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial court record, including any oral or written statements and presentence investigation reports. R.C. 2953.08(F)(1) through (4). We review felony sentences using the standard of review set forth in R.C. 2953.08." *State v. Pitts*, 2024-Ohio-987, ¶ 26 (5th Dist.), citing *State v. Marcum*, 2016-Ohio-1002, ¶ 22.

{¶11}  "R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find

that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law." *Id.*

**ANALYSIS**

{¶12} Deitenbeck argues in his first assignment of error, that the trial court did not comply with R.C. 2929.11 and R.C. 2929.12 and erred in imposing maximum sentences because the record does not support that he committed the worst form of the offense. *Appellant Brief*, p. 1.

{¶13} However, in the "Argument" section of his brief, he states that his first assignment of error is, "Were the imposed consecutive sentences on Counts 1, 5 and in contravention of R.C. 2929.14(C)?" *Id.*, p. 4.

{¶14} Deitenbeck states that his second assignment of error is, "The trial court erred in imposing consecutive sentences under R.C. 2929.14(C)(4) without making or supporting the necessary statutory findings on the record, resulting in a sentence that is contrary to law." *Id.*, p. 1.

{¶15} However, the second argument in the "Argument" section of his brief states, "The trial court erred when sentencing the appellant to the maximum allowable in contravention of statute." *Id.*, p. 7.

{¶16} Since this Court is confused as to the designation of Deitenbeck's first and second assignments of error, the assignments will be considered together.

{¶17} R.C. 2929.11 governs the overriding purposes of felony sentencing and R.C. 2929.12 speaks to factors courts are to consider prior to imposing a felony sentence.

**{¶18}** This Court held in *State v. Carbaugh*, 2023-Ohio-1269, ¶26 (5th Dist.), "A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law if the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12."

**{¶19}** The trial court considered the sentencing factors set forth in R.C. 2929.11 and R.C. 2929.12. in the case sub judice. The *Entry* filed on March 12, 2025, states: "The Court has considered the record, all statements, any victim impact statement, the plea recommendation in this matter, as well as the principles and purposes of sentencing under Ohio Revised Code §2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code §2929.12." *Id.*, p. 1.

**{¶20}** During the sentencing hearing, the trial judge stated, "You have a conviction for domestic violence in 2012, disorderly conduct in '07, and another assault in '98. Does that sound right?" *Sentencing Transcript*, pps. 9, 10. Deitenbeck responded, "Yes, Your Honor." *Id.*

**{¶21}** Deitenbeck argues the maximum sentence imposed upon him is contrary to law because the trial court based its sentence on "impermissible considerations – factors outside those permitted by statute." *Appellant Brief*, p. 4.

**{¶22}** In support of this argument, Deitenbeck argues in his brief that, "the court appeared to rely heavily on the emotionally charged nature of the allegations, including prior uncharged conduct mentioned in the PSI." *Id.*, p. 9.

**{¶23}** Deitenbeck cites ST 7, L6, which states, "[b]ehaviors that we're talking about here are not the …" and ST 8, L1, which states, "Thank you, Ms. Otto."[1] *Sentencing Transcript, pp.* 7, 8.

**{¶24}** It is clear to this Court that these referenced statements are not improper factors or impermissible considerations as alleged by Deitenbeck. He has failed to cite any improper factors or contemplations that fall outside those that are contained in R.C. 2929.11 and R.C. 2929.12 that would demonstrate that his sentence is contrary to law.

**{¶25}** The trial court did not commit error in sentencing Deitenbeck to the maximum sentence. The trial court sentenced Deitenbeck within the statutory range, appropriately considered the principles and purposes of sentencing and balanced the seriousness and recidivism factors required by R.C. 2929.11 and R.C. 2929.12. Deitenbeck has not shown that the trial court's maximum sentence is based on impermissible considerations that would make the sentence contrary to law.

**{¶26}** Deitenbeck also argues that the trial court's imposition of consecutive sentences was contrary to law because "the court failed to conduct or articulate any analysis supporting these conclusions." *Appellant Brief*, p. 5.

**{¶27}** Deitenbeck argues, "[n]or did the court explain which of the (C)(4)(a)–(c) factors applied, or how those additional requirements were satisfied beyond a formulaic reference to 'courses of conduct' and 'harm'." *Id.*, p. 6.

**{¶28}** The Ohio Supreme Court held, "no statute directs a sentencing court to give or state reasons supporting imposition of consecutive sentences. Thus, a trial court is not

---

[1] ST 7, L6 refers to sentencing transcript p. 7, line 6 and ST 8, L1 references sentencing transcript p. 8, line 1. Ms. Otto is an attorney.

required by Crim.R. 32(A)(4) to give reasons supporting its decision to impose consecutive sentence. In ordering the sentences be served consecutively, the trial court simply needs to read the provisions of R.C. 2929.14(C)." *State v. Bonnell*, 2014-Ohio-3177, ¶27.

{¶29} R.C. 2929.14(C)(4) governs a court's imposition of consecutive sentences:

"If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

. . .

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct."

{¶30} At the sentencing hearing the trial court stated, "The Court does find that consecutive sentences are necessary to protect the public and punish this offender and finds that consecutive sentences are not disproportionate to the seriousness of the conduct and danger posed to the public." *Sentencing Transcript*, p. 11.

**{¶31}** The trial court journalized this finding in its Entry filed on March 12, 2025 by stating, "Pursuant to ORC §2929.14(C)(4), the Court further found that the imposition of consecutive sentences are necessary to protect the public from future crime or to punish the Defendant, and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct, and to the danger the Defendant poses to the public." *Entry*, p. 2.

**{¶32}** The Court goes on to state during sentencing, "The Court also finds that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term or any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of your conduct." *Sentencing Transcript*, p. 11.

**{¶33}** The trial court again journalized its findings in its *Entry* stating, "At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the Defendant's conduct." *Entry,* p. 2.

**{¶34}** As stated by Deitenbeck, "the court is not required to state reasons to support its findings – only to make them clearly." *Appellant Brief*, p. 5.

**{¶35}** The trial court's findings made on the record and in its Entry are almost a word for word recitation of R.C. 2929.14(C)(4)(b).

{¶36} The trial court's record shows that it engaged in the correct analysis and clearly stated its findings on the record and in its Entry filed on March 12, 2025.

{¶37} This Court finds that the trial court's decision to impose consecutive sentences should be upheld.

## CONCLUSION

{¶38} We conclude that the trial court did not commit error when it sentenced appellant to the maximum sentences and ordered that the sentences be served consecutively. It is the decision of this Court to affirm the Entry filed in the Muskingum County Common Pleas Court on March 12, 2025.

{¶39} Costs to Appellant.

By: Montgomery, J.

Baldwin, P.J. and

Gormley, J. concur.